UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WAYNE MIECZKOWSKI,

        Petitioner,

v.

CITY OF WARREN, 37TH JUDICIAL
DISTRICT COURT, CITY OF TROY,
54-2 DISTRICT COURT, CITY OF
OAK PARK, 45TH DISTRICT COURT,
CITY OF NEW BALTIMORE,
45TH DISTRICT COURT, CITY OF
ROSEVILLE, 39TH DISTRICT COURT,
PEOPLE OF THE STATE OF MICHIGAN,
12TH DISTRICT COURT, RUTH JOHNSON,
and STATE OF MICHIGAN,

        Respondent.
_____/

Case Number 18-11096
Honorable David M. Lawson

## ORDER SUMMARILY DISMISSING PETITION

On April 5, 2018, petitioner James Wayne Mieczkowski filed his *pro se* petition for a writ of habeas corpus against a host of local and state entities including several municipalities and their associated courts, officials of the State of Michigan, the State itself, and "the People of the State of Michigan." The petitioner's prolix filing is rambling and incoherent, replete with impertinent detail on topics as various as "the history of the State Bar of Michigan," Pet. at 35, and "duties and obligations of the United States Marshals and the United States Attorney," *id.* at 52-53. However, the filing appears to invoke the Court's habeas power through passing citations of sections 2241 and 2254 of Title 28 of the United States Code. On page 44 of the petition, at paragraph 98, the petition also states that petitioner wants "to have [his] Convictions overturned." The Court presumes from these and other obfuscated details that the gravamen of the pleading is a challenge to the petitioner's convictions for various crimes by the several state courts, which cryptically are enumerated on page

eight of the petition and include, among other things, "running [a] red light," possession of a "quarter of weed," and driving on a suspended license. Those allegations, together with the caption and details indicated on the case cover sheet, and the opening paragraphs of the petition labeling the pleading as a petition for a writ of habeas corpus, are sufficient, under the most generous construction, for the Court to infer that the petitioner is seeking habeas relief from this Court overturning one or more of his state court convictions.

The Court has completed a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, and concludes that the petition must be dismissed for several reasons outlined below. "Although [the] petitioner brought this petition [in part under section § 2241], the rules governing § 2254 cases may be applied at the discretion of the district court judge in habeas petitions not brought under § 2254." *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (citing Rules Governing § 2254 Cases, Rule 1(b), 28 U.S.C. foll. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).")). When a petition for a writ of habeas corpus is filed, the district court "must promptly examine it . . . [and] dismiss [it] [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254; *McFarland v. Scott,* 512 U.S. 849, 856 (1994); *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970).

There are several reasons apparent from the pleadings why the petitioner is not entitled to the relief that he seeks. *First*, the petitioner seeks to overturn several vaguely described state court convictions, but he does not allege that he has exhausted his available state court remedies for challenging those convictions or any resulting sentences. The doctrine of exhaustion of state

remedies requires state prisoners to "fairly present' their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that his state court remedies have been exhausted. *Rust*, 17 F.3d at 160. On page 41 of the petition, the petitioner positively asserts that he is not required to exhaust state court remedies pertinent to those convictions, and the petition does not anywhere allege that he has done so. Therefore, the petitioner has not carried his burden of showing that he properly has exhausted any state court remedies available for challenging any of the convictions that he seeks to set aside.

*Second*, the petitioner does not allege anywhere in his petition that he presently is in custody under any sentence from any of the convictions that he seeks to overturn. "Federal courts may

'entertain an application for a writ of habeas corpus [o]n behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.'" *Hautzenroeder v. Dewine*, No. 17-3395, --- F.3d ---, 2018 WL 1734484, at *1 (6th Cir. Apr. 11, 2018) (quoting 28 U.S.C. § 2254(a)). "This language is jurisdictional: if a petitioner is not 'in custody' when [he] files [his] petition, courts may not consider it." *Ibid.* (quoting *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001)). Moreover, the descriptions of the offenses discernible from the petition suggest that several of them were for misdemeanors or civil infractions for which no sentence of incarceration could be imposed.

Finally, to the extent that the petition invokes the authority of section 2241, that statute does not afford the relief that the petitioner seeks, because section 2254 — which includes as a precondition compliance with the exhaustion requirements noted above — is the exclusive avenue through which a state prisoner must proceed to challenge his sentence or conviction in federal court. "'[W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)'" *Greene v. Tennessee Department of Corrections*, 265 F.3d 369, 371 (6th Cir. 2001) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)).

The petition must be summarily dismissed because the petitioner has not alleged that he is in custody under a sentence resulting from any of the convictions that he seeks to challenge, he has

not shown that he properly exhausted his state court remedies, and the claims brought under the authority of 28 U.S.C. § 2241 seek relief that is not available via that statute.

Accordingly, it is **ORDERED** that the petition is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the respondents' motions to dismiss [6, 7, 8] are **DISMISSED** as moot.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: May 1, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 1, 2018.

s/Susan Pinkowski  
SUSAN PINKOWSKI